ANN C. INGELL & another, administrators, *vs.* WILLIAM FAY.

A mortgage of land, given as security with a note payable in wood, provided that the mortgagor was "not to cut wood or timber upon the said estate, except for the payment of said note, to reduce the value below the amount secured with interest annually." *Held*, that the mortgagor had the right to cut timber to any extent even after a breach of the condition of the mortgage, provided he did not so strip the land as to leave it of less value than the amount then due upon the note.

CONTRACT brought by the plaintiffs as administrators of the estate of Zadoc Ingell, deceased, to recover the price of a quantity of timber sold by the plaintiffs to the defendant. The writ was dated April 17, 1872.

At the trial in the Superior Court, before *Allen*, J., the delivery of the timber and the price charged, and that the timber was cut by the intestate upon his farm a short time previous to his death, and was lying where it was cut, at the time of his death, were admitted, but the defendant contended that it was the property of one William E. Moore.

There was evidence tending to show that the intestate died January 22, 1871; and that the timber was sold and delivered to the defendant by the plaintiffs in May, or June, 1871.

The defendant put in evidence a mortgage deed from the intestate to Moore of the premises upon which the timber was cut. This mortgage was dated April 1, 1867, and contained the following proviso : " Provided, nevertheless and this deed is on the following condition, that whereas, I, the said Zadoc Ingell, have executed one promissory note of hand bearing even date herewith for twenty-three hundred dollars payable in wood to said William E. Moore or order, cut and delivered at the Western Railroad track or depot in Chester, or either place as said Moore or his agent shall elect, within five years from this date, one hundred and fifteen cords each and every year until paid according to the tenor of said note, said Ingell not to cut wood or timber upon said estate, except for the payment of said note, to reduce the value below the amount secured with interest annually : Therefore if I, the said Zadoc Ingell, or my representatives shall pay the full amount of said note according to the tenor thereof,

then this deed shall be void; otherwise in full force." On the back of the mortgage was a duly executed and recorded certificate of two witnesses to prove an entry to foreclose the mortgage for a breach of the condition. Upon the note mentioned in the mortgage deed were several indorsements of wood received in part payment, the last indorsement being dated March 1, 1869. It was admitted that no payments had been made upon the note except those that were indorsed upon it.

The defendant also offered evidence that Moore took actual possession of the mortgaged premises on April 1, 1872, no one having been in actual possession thereof since his entry for foreclosure, and repaired the fences, gathered the larger part of the crops, and had kept actual possession of the premises ever since, but not to the entire exclusion of the plaintiff, Ann C. Ingell, who took a portion of the crops in the summer of 1872; and that an action was brought by Moore against Ann C., for possession of the premises, by writ, dated April 14, 1872, upon which judgment was rendered for possession, April 2, 1873, and that possession was given to Moore, under the execution issued upon said judgment, May 21, 1873; he also offered evidence that, prior to the date of the writ in this action, Moore notified him not to pay the plaintiffs the price of the timber, and claimed the proceeds of it.

The defendant offered evidence that the intestate agreed with Moore to draw to the place agreed upon, at the Western Railroad, the 115 cords of wood required to pay the instalment due upon the note April 1, 1870, and to deliver it to the corporation in Moore's name, but that he instead delivered it in his own name and applied the proceeds to his own use. There was evidence also to show that Moore agreed that the intestate might apply the proceeds to his own use.

The defendant also offered evidence, which was not contradicted, that some time in the spring of 1870 the intestate agreed with Moore to cut and draw to the Western Railroad track and deliver, in Moore's name, during the succeeding summer and fall, wood enough to pay the instalment due April 1, 1870, and the instalment to become due April 1, 1871, and that he did cut a quantity of wood, and the timber in question, before his

death, but not until the winter of 1870 and 1871, and that he did not draw any to the railroad track.    There was evidence to show that the intestate owned other wood land, and it was not claimed by the defendant that he agreed to cut the wood required to make these payments from the mortgaged land alone.

The plaintiffs introduced evidence that the value of the mortgaged premises at the time of the intestate's death was $2000 ; and the defendant introduced evidence that the premises were worth from $1100 to $1200 at the time of the trial ; that the buildings were nearly or quite worthless, and that the premises had been constantly depreciating in value for several years past, and were worth only from $1200 to $1500 at the death of the intestate.

The defendant requested the court to instruct the jury that Moore was entitled as mortgagee, under the facts admitted and not in dispute, to the proceeds of the timber, and that the plaintiffs could not maintain the action ; and also, if they were satisfied that the value of the mortgaged premises at the commencement of the action was less than the amount of the mortgage debt at that time, they could not maintain the action.

The court declined to give these instructions, but instructed the jury that if the value of the premises, at the time of the sale and delivery to the defendant, was less than the amount of the mortgage debt then due, and if the plaintiffs sold the timber for their own benefit or that of the estate, and not for the benefit of Moore, the plaintiffs could not recover for the value of the timber ; but if the value of the premises, at the time of the sale and delivery, was greater than the amount of the mortgage debt at that time, the plaintiffs were entitled to recover the value of the timber.    The jury found for the plaintiffs, and the defendant excepted.

*M. B. Whitney, (D. Granger* with him,) for the defendant. Upon a just construction of the mortgage, it must be presumed that the parties thereto intended that the mortgaged property should remain as security for the mortgage debt until such debt was paid, according to the tenor of the agreement or mortgage note, and that the implied license to the mortgagor to cut wood

and timber, "except for the payment of the note," should not be exercised after the condition of the mortgage was broken. If not thus restricted, what shall be the limit, if any, of his license? May he cut after actual possession taken, and even down to the expiration of the three years limited for redemption? Such extraordinary rights will not be presumed to have been granted the mortgagor, unless in clear and express terms. The mortgage contained no stipulation that the mortgagor should remain in possession after condition broken. The mortgagee released none of his rights as mortgagee after condition broken, but in such event the mortgage remained in full force. Consequently, the cutting of the timber after condition broken was a trespass, and gave neither the mortgagor nor his representatives any right to the timber or its proceeds as against the mortgagor. *Page* v. *Robinson*, 10 Cush. 99. *Hapgood* v. *Blood*, 11 Gray, 400.

*G. D. Robinson*, for the plaintiffs.

AMES, J. By the terms of the mortgage, the intestate had a right to cut wood and timber upon the mortgaged premises whenever he saw fit, and to any extent, subject only to the limitation that he should not at any time so strip the land as to leave it less in value than the amount due at the time upon the mortgage. It is settled by the verdict of the jury that the sale of the timber to the defendants, for which payment is sought in this suit, was not a violation of this condition. This was the only question in the case, and it was submitted to the jury with instructions sufficiently favorable to the defendant. If after the sale and delivery of the timber, the remaining value of the land exceeded the amount then due upon the mortgage, the mortgagee had no right to claim either the timber or its proceeds.

*Exceptions overruled.*